UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FERMIN RECARTE and DENISE RECARTE, ) | |
|     Plaintiffs, ) | |
| ) | |
|     v. ) | CAUSE NO.: 4:24-CV-7-JVB-JEM |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Remand [DE 17] filed by Plaintiffs Fermin and Denise Recarte on February 16, 2024. Defendant State Farm Fire and Casualty Company responded on February 29 2024, and the Recartes replied on March 7, 2024. For the reasons below, the Court denies the motion.

The Recartes initiated this lawsuit by filing a complaint in the Tippecanoe County Superior Court on January 3, 2024. On January 19, State Farm removed the case to federal court on the basis of the parties' diversity of citizenship. As alleged in the complaint, the Recartes had insured their dwelling through an insurance policy issued by State Farm and, after the dwelling sustained damage, the Recartes invoked their policy's appraisal clause. State Farm did not nominate an appraiser, and the Recartes seek the appointment of an umpire through their cause of action. The Recartes argue that removal was improper, and State Farm contends that removal was permitted.

The parties agree that the insurance policy at issue includes the following clause: "you or we may make a written application for a judge of a court of record in the same state and county (or city if the city is not within a county) where the residence premises is located to select an umpire." (Pls.' Ex. 1 at 33, ECF No. 18-1 (emphasis removed for readability)). The dwelling at issue is in Tippecanoe County, Indiana.

The parties focus on different words in the above-quoted clause in arguing that their position is correct. The Recartes maintain that the Northern District of Indiana, Hammond Division at Lafayette (with a federal courthouse in Lafayette, Indiana), is not "a court of record in" Tippecanoe County. State Farm insists that the "may" language of the clause is permissive and not mandatory.

Both parties use Indiana law in supporting their positions, so the Court finds that, with no choice of law dispute raised and the parties in agreement, Indiana law applies to this dispute. The interpretation of contracts under Indiana law begins with "the plain language of the contract, reading it in context, and, whenever possible, construing it so as to render each word, phrase, and term meaningful, unambiguous, and harmonious with the whole." *Med. Protective Co. of Fort Wayne, Indiana v. Am. Int'l Specialty Lines Ins. Co.*, 990 F.3d 1003, 1008 (7th Cir. 2021) (quoting *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012)).

The Recartes argue that the policy's clause is a forum-selection clause that mandates litigation in a court of record in Tippecanoe County.

> A mandatory forum-selection clause is one that contains clear language showing that jurisdiction is appropriate only in the designated forum. Clauses that do not contain mandatory language are only permissive and not enforceable. The law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

*Heckler & Koch, Inc. v. German Sport Guns GmbH*, 71 F. Supp. 3d 866, 900 (S.D. Ind. 2014) (using Indiana law to interpret a contract) (citations and quotation marks omitted).

The Court assumes, for the moment, that the Recartes are correct that the Northern District of Indiana, Hammond Division at Lafayette, is not a court of record in Tippecanoe County. Even so, the clause provides that the parties "may" file suit in such a court for the appointment of an umpire. The word "may," by its plain meaning, is a word of permission. Thus, the clause in

question *permits* the Recartes to file in a court of record in Tippecanoe County. It does not, however, *require* it. The parties could have expressed a requirement of filing in a court of record in Tippecanoe County by clarifying that that court was the exclusive venue in which the request for appointment of an umpire could be lodged. They did not. The Court cannot read an exclusivity element that is not there into the clause. The clause permitted the Recartes to file in Tippecanoe County Superior Court, and they did so. Equally, the clause does not prohibit State Farm's removal of the case to federal court, so the Court will not remand this matter.

## CONCLUSION

Based on the above, the Court hereby **DENIES** the Motion for Remand [DE 17].

SO ORDERED on May 8, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT