# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FERMIN RECARTE and ) | |
| DENISE RECARTE, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:24-CV-07-JVB-JEM |
| ) | |
| STATE FARM FIRE AND ) | |
| CASUALTY COMPANY, ) | |
|     Defendant. ) | |

## ORDER

This matter is before the Court on the Motion for Appointment of Insurance Umpire [DE 8], filed on January 17, 2024. Defendant filed its response on February 6, 2024, and Plaintiffs filed their reply on February 14, 2024.

On January 3, 2024, Plaintiffs filed the instant Complaint in state court asserting breach of contract and bad faith claims and seeking the appointment of an umpire to resolve a dispute as to insurance losses arising out of a burst water pipe on January 8, 2022. Defendant removed the matter to this Court on January 19, 2024. State Farm denied the insurance claim on the basis that the loss was not covered because Plaintiffs failed to heat the home sufficiently to prevent the burst water pipe. Plaintiffs then nominated an appraiser, but State Farm asserted that because there is a dispute as to whether the loss is covered it need not nominate an appraiser of its own.

Plaintiffs move for the Court to appoint an umpire. At Plaintiffs' request, ruling on this motion was stayed until Judge Van Bokkelen ruled on Plaintiffs' motion for remand. The motion for remand was denied on May 8, 2024, so the matter is ripe for ruling.

The appraisal provision of the policy at issue provides for each party to obtain an appraiser if the parties fail to agree on the amount of the loss, with an umpire to be selected if the appraisers

1

cannot agree on the amount of the loss. State Farm argues that the parties have not disagreed on the amount of the loss because State Farm has denied coverage, and Plaintiffs failed to comply with the requirements of the appraisal provision by failing to provide written itemized documentation of specific disputes as to the amount of the loss. Plaintiffs argue that a coverage dispute is not sufficient reason not to engage in the appraisal process. Plaintiffs also argue that requiring them to comply with the policy provisions for providing a written itemization of their loss is "hyper-technical" and does not preclude requiring that State Farm participate in the appraisal process. Plaintiffs also argue that the requirement that they give an estimate of the loss should be waived because they do not have access to "complicated insurance estimating and itemization software." It is not apparent to the Court how Plaintiffs can assert that there is a disagreement over the amount of the loss if they are not able to give an estimate of the loss for State Farm to disagree with. Nonetheless, in light of State Farm's position, the Court can see that there will be a disagreement as to the amount of the loss, whether covered or not. The parties should therefore proceed with the appraisal provisions. Plaintiffs should tender their itemized documentation of what the losses are to State Farm, and each side is to select a "competent, disinterested appraiser and notify the other party of the appraiser's identity within 20 days" of the date of this Order. Policy I (4) [DE 15-1].

In the Motion, Plaintiffs do not request any sort of determination of the scope of coverage. If there is a dispute over the terms of the contract requiring court intervention, the parties may file a separate, properly-supported motion to that effect. The Court also notes that neither party addresses the fact that the language in the policy requires the appraisers, not the parties, to select an umpire. Accordingly, on the facts before the Court at this time, appointment of an umpire does not appear to be appropriate.

Accordingly, the Court **DENIES as premature** the Motion for Appointment of Insurance Umpire [DE 8] The Court **DENIES as moot** the Motion for Hearing on Petition to Appoint Umpire [DE 9] and **ORDERS** that the **stay is lifted**.

SO ORDERED this 10th day of May, 2024.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record